IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NINFA C. ORTIZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| CITIMORTGAGE, INC., | § | CIVIL ACTION NO. 1:16-cv-312 |
| | § | |
| Defendant. | § | |

## MOTION TO DISMISS AND BRIEF IN SUPPORT

Defendant CitiMortgage, Inc. ("CMI" or "Defendant") moves the Court to dismiss Plaintiff's claims with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In support of its Motion, Defendant shows as follows:

### I. Background/Procedural History

1. This suit involves real property located at 347 Robindale Road, Brownsville, Texas 78521 (the "Property"). Doc. No. 1-3, at p. 2.

2. Plaintiff seeks an order quieting title in herself and declaratory relief to the same effect. *See generally* Doc. No. 1-3.

3. As will be shown below, Plaintiff's claims against Defendant fail to state a claim upon which relief can be granted and should be dismissed with prejudice.

### II. Standard under Rule 12(b)(6)

4. Rule 12(b)(6) allows judgment or dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in

conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555; *see also* FED. R. CIV. P. 8(a)(2). To avoid judgment on the pleadings or dismissal, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A mere inference of the possibility of misconduct is insufficient. *Id.* at 555-556.

5. In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, (2009), the Supreme Court explained that the pleading standard of Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*; *see also Southland Sec. Corp v. Inspire Ins. Solutions Inc.*, 365 F.3d 353, 370 (5th Cir. 2004). Accordingly, Plaintiffs must rely on more than conclusory statements and allegations to survive a motion to dismiss. In addition, the U.S. Supreme Court has held that a complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

6. In deciding a motion to dismiss, a court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to her claims. *Morlock, L.L.C. v. JP Morgan Chase Bank, N.A.*, 587 Fed. App'x 86, 89 n. 3 (5th Cir. 2014) (citation omitted); *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011) (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). Documents are considered "central" when they are necessary to establish an element of one of the plaintiff's claims. *Kaye*, 453 B.R. at 662. A court may also consider contractual documents relevant to the

case. *Stahl v. United States Dept. of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003) ("In a case involving a contract, the court may examine the contract documents in deciding a motion to dismiss . . . . The district court may take judicial notice of public records and may thus consider them on a motion to dismiss."); *see also Sheppard v. Tex. Dept. of Transp.*, 158 F.R.D. 592, 595 (E.D. Tex. 1994) ("[W]hen a plaintiff does not attach a pertinent document to the complaint and the document contradicts the complaint, a defendant may introduce the exhibit as part of his motion attacking the pleading."). Finally, a court make take judicial notice of matters of public record in deciding a 12(b)(6) motion. *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

### III. Arguments and Authority

7. All the claims asserted in Plaintiff's Original Petition to Remove Cloud and Quiet Title and Request for Temporary Restraining Order (Doc. No. 1-3) ("Petition") fail to state a claim upon which relief can be granted.

#### A. Plaintiff fails to state a claim for quiet title.

8. A quiet title claim is an equitable action to remove a cloud on title and its remedy is equitable in nature. *Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012, pet. denied) ("a suit to remove cloud or to quiet title accords an equitable remedy"). To quiet title, Ortiz must prove "(1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *7 (Tex. App.—Houston [1st Dist.] 2011, no pet.) (citing *Sadler v. Duvall*, 815 S.W.2d 285, 293 n.2 (Tex. App.—Texarkana 1991, writ denied); *Best Inv. Co. v. Parkhill*, 429 S.W.2d 531, 534 (Tex. Civ. App.—Corpus Christi 1968, writ dism'd)). Ortiz must "allege right, title, or

ownership in himself or herself with sufficient certainty to enable the court to see he or she has a right of ownership that will warrant judicial interference." *Wright v. Matthews*, 26 S.W.3d 575, 578 (Tex. App.—Beaumont 2000, pet. denied) (citing *Ellison v. Butler*, 443 S.W.2d 886, 888-89 (Tex. Civ. App.—Corpus Christi 1969, no writ)). Ortiz must recover on the strength of her own title, not on the alleged weakness of her adversary's title. *Fricks v. Hancock*, 45 S.W.3d 322, 327 (Tex. App.—Corpus Christi 2001, no pet.) (citing *Alkas v. United Sac. Ass'n of Tex., Inc.*, 672 S.W.2d 852, 857 (Tex. App.—Corpus Christi 1984, writ ref'd n.r.e.)).

9. Ortiz alleges in conclusory fashion without any supporting or explanatory facts that the subject Texas Home Equity Security Instrument ("Deed of Trust") is invalid because the Deed of Trust was created using "a deed recorded prior to the 1998 deed attached as Exhibit A and does not have a legal effect." Doc. No. 1-3, ¶ 5. Plaintiff, however, admits that she owns the Property. Doc. No. 1-3, ¶ 3 (conveying the Property to Plaintiff).

10. Ortiz cannot prevail on a quiet title claim because she cannot show the superiority of her title. Ortiz only complains of the alleged weakness of CMI's title. The Deed of Trust, which Plaintiff does not deny having executed (and which she uses to support her claims), indicates that the Deed of Trust encumbers the Property located at 347 Robindale Road, Brownsville, Texas 78521. Doc. No. 1-3, at p. 9. *See also* Doc. No. 1-3, at p. 12 (the Note listing the property address as 347 Robindale Road), Ex. A (the assignment showing assignment of the Deed of Trust to CMI)[1]. Ortiz, when she executed the Deed of Trust, agreed to the power of sale. Doc. No. 1-3, at p. 10, ¶ 10. Ortiz does not allege that she is not in default of the Deed of Trust; in other words, Ortiz has alleged no facts to show that she is current in her mortgage payments. *See generally* Doc. No. 1-3. As such, Ortiz cannot show superior title and thus cannot

---

[1] Defendant requests the Court take judicial notice of the Corrective Assignment of Texas Home Equity Security Instrument as it is a public record.

prevail on a claim for quiet title. *E.g., Jaimes v. Fed. Nat'l Mortg. Ass'n*, 930 F.Supp.2d 692, 698 (W.D. Tex. 2013) ("Based on the facts alleged by Jaimes himself, it appears he defaulted on his mortgage, and his home was subsequently foreclosed on by the assignee of his Deed of Trust. Those facts do not state a claim for quiet title, and this claim is properly dismissed."); *Sanchez v. Wells Fargo Bank, N.A.*, No. 3:13-cv-3837-O, 2014 WL 1168912, at *3 (N.D. Tex. Mar. 21, 2014) (quiet title claim fails when there is no allegation that borrower is current in payments such that his interest in property is superior to the lien holder) ; *Bryant v. JP Morgan Chase Bank*, No. 3:12-CV-2650-M, 2013 WL 664708, at *7 (N.D. Tex. Feb. 4, 2013), *adopted at* 2013 WL 673980 (Feb. 25, 2013) (quiet title claim fails when recorded assignment shows that foreclosing entity obtained power of sale in deed of trust, as such power of sale is superior in priority to a mortgagor's title); *Lombardi v. Bank of Am.*, No. 3:13-cv-1464-O, 2014 WL 988541, at *19 (N.D. Tex. Mar. 13, 2014) (same).

11. Moreover, CMI is entitled to dismissal of Plaintiff's request for attorney's fees in connection with her quiet title claim. A claim for quiet title is an equitable action where only an equitable remedy is available. *E.g., Ellis v. Waldrop*, 656 S.W.2d 902, 905 (1983) ("A suit to remove a cloud from title is a suit for a specific, equitable remedy.") Money damages of any kind are not available in a quiet title action. *Ellis*, 656 S.W.2d at 905; *CA Partners v. Spears*, 274 S.W.3d 51, 83 (Tex. App.—Houston 2008, pet. denied) (citing *Pampell Interests, Inc. v. Wolle*, 797 .W.2d 392, 395 (Tex. App.—Austin 1990, no writ)). Attorney's fees are also not available in a suit to quiet title. *E.g., Sadler v. Duvall*, 815 S.W.2d 285, 293-94 (Tex. App.—Texarkana 1991, writ denied); *Southwest Guaranty Trust Co. v. Hardy Road 13.4 Joint Venture*, 981 S.W.2d 951, 957 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) (citing *Sadler*). Thus, the Court should dismiss Plaintiff's request for

attorney's fees in connection with her quiet title claim.[2]

### B. Plaintiff fails to state a claim for declaratory relief.

12. A request for a declaratory judgment is predicated on the viability of the underlying causes of action pleaded in the petition. *Sid Richardson Carbon & Gasoline Co. v. Interenergy Res., Ltd.*, 99 F.3d 746, 752 n. 3 (5th Cir. 1996). Where all the substantive, underlying claims lack merit, a claim for declaratory judgment cannot survive. *See, e.g., Sledge v. JP Mortgan Chase Bank, N.A.*, No. SA:13-CV-797-XR, 2014 WL 51169, at *5 (W.D. Tex. Jan. 7, 2014) (collecting cases). As demonstrated above, Plaintiff's substantive legal claims all fail. Thus, Plaintiff's declaratory judgment claim must be dismissed.

### 13. Plaintiff fails to state a claim for injunctive relief.

14. As all of Plaintiff's substantive claims must be dismissed, so too must Plaintiff's request for injunctive relief. Under Texas law, a request for injunctive relief, absent a cause of action supporting entry of a judgment, is fatally defective and does not state a claim. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 210 (Tex. 2002). Moreover, it is well established that a prerequisite for a plaintiff to obtain injunctive relief is a showing of a substantial likelihood of success on the merits of the case. *See Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975); *see also DCS Communications Corp. v. DGI Tech., Inc.*, 81 F.3d 597, 600 (5th Cir. 1996). Because Plaintiff has asserted no valid, underlying cause of action upon which injunctive relief may be based, and Plaintiff cannot succeed on the merits of the case, her request for injunctive relief must be dismissed.

---

[2] To the extent that Plaintiff relies on the Texas Declaratory Judgment Act for her request for attorney's fees, such reliance is misplaced. *Utica Lloyd's of Tex. v. Mitchell,* 138 F.3d 208, 210 (5th Cir. 1998) ("a party may not rely on the [Texas Declaratory Judgment Act] to authorize attorney's fees in a diversity case because the statute is not substantive law."). Plaintiff has pleaded no basis for a request for attorney's fees under the Federal Declaratory Judgment Act, and as such, the Court should dismiss any claim for attorney's fees in connection with Plaintiff's declaratory judgment claim.

## Relief Requested

Defendant respectfully requests the Court dismiss Plaintiff's claims against it in their entirety and with prejudice to re-filing and award Defendant judgment that Plaintiff take nothing by this action against Defendant, together with all relief to which Defendant is justly entitled.

Respectfully Submitted,

*/s/ Charles R. Curran*
Daniel P. Tobin
Texas Bar I.D. 24046978
S.D. Tex. Bar No. 596501
*dtobin@settlepou.com*
Charles R. Curran
Texas Bar I.D. 24076334
S.D. Tex. Bar No. 1241722
*ccurran@settlepou.com*

SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR CITIMORTGAGE, INC.

## Certificate of Service

I certify that this document was served in accordance with the Federal Rules of Civil Procedure on December 19, 2016, by the manner indicated upon the following persons:

Via CM/RRR # 9414 7266 9904 2014 5278 82
Ancelmo Naranjo Jr.
The Law Office of Ancelmo Naranjo Jr. PLLC
905 E. Los Ebanos Ste. B
Brownsville, Texas 78520
*Attorney for Plaintiff*

*/s/ Charles R. Curran*
Charles R. Curran