IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NINFA C. ORTIZ | § | |
|     Plaintiff | § | |
| | § | |
| VS. | § | CASE NO. **1:16-CV-312** |
| | § | |
| CITIMORTGAGE, INC. | § | |
|     Defendant | § | |

## MOTION FOR REMAND

COMES NOW, **NINFA C. ORTIZ,** Plaintiff in the above referenced suit and files this, her Motion to Remand pursuant to 28 U.S.C. §§ 1332 and 1441(b) and in support thereof would show as follows:

**I.     FACTS**

1. The removed case herein involves NINFA C. ORTIZ (hereinafter "Plaintiff"), as Plaintiff in Cause No. 2016-DCL-7795 in the 445TH District Court of Cameron County, Texas. The current Defendant in said case is as follows: CITIMORTGAGE, INC.

2. Such case was originally filed by the Plaintiff against the Defendant to halt foreclosure proceedings on her property. The suit asks for actual and exemplary damages, specific performance, court costs, and fees. All grounds for relief pled by the Plaintiff are based on state law only. The petition seeks damages in equity based on disputes as to the property mortgaged as well as adjoining properties affected by this matter which were not originally made the basis of the loan.

3. Defendant filed a Notice of Removal on December 13, 2016 claiming diversity jurisdiction thereby essentially bringing this suit before this Court. No federal question issues were raised as a basis for the removal.

## II.     BURDEN OF REMOVAL ON THE DEFENDANT

4. The burden of establishing federal jurisdiction falls on the party attempting to remove a case from state court. The removing defendant has the burden of proving the existence of federal jurisdiction. Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action over which the federal district courts would have original jurisdiction. "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2001); Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (citation omitted). Any doubts regarding whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

5. Accordingly, the district court is required to resolve all doubts about federal jurisdiction in favor of remand. The court's removal jurisdiction must be strictly construed. Where a plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.

## III.     LEGAL DISCUSSION – REMOVAL WAS IMPROPER AS DEFENDANTS HAVE NOT ESTABLISHED THE ELEMENTS OF DIVERSITY JURISDICTION

6. In the case at bar, removal is improper under 28 U.S.C. § 1332 and 28 U.S.C. § 1441(b), in that removal is said to be based solely on diversity of citizenship. The removing party must establish two elements under said statute. 1) that Defendant is not a resident of the state of Texas and; 2) the amount in controversy exceeds $75,000.00. Failure to prove both elements requires a remand to state court.

7. Firstly, it is disingenuous for the Defendant to represent they have no offices or fail to conduct business in this state when the mortgage made the basis of this suit is for a loan obtained in this state for real estate in this state. Moreover, defendant's own pleadings fail to establish the amount in controversy is in excess of $75,000.00. Defendants simply cite an "independent"

appraisal as indicating the value of the property to be approximately $77,000.00. A simple review of the Cameron County appraisal records indicates the value of the property to be $66,246.00 – far below the threshold. See exhibit "A". The removal petition further ignores the true amounts sought, namely the original note of $31,105.13 as well as the current amount necessary to liquidate said note, which is alleged by the defendants to be approximately $47,000.00 As additional information, attached hereto as exhibit "B" is a copy of the substitute trustee's deed where CitiMortgage sought to obtain possession of the property. Said sale took place on August 2nd, 2016 for the amount of $46,124.18.

8. When a defendant removes a case to federal court under diversity jurisdiction and the complaint does not allege a specific amount of damages, the defendant must establish that the jurisdictional amount is satisfied by a preponderance of the evidence. Garcia v. Kohn Oil Co. of Texas, Inc., 351 F.3d 636 (5th Cir. 2003). To determine the amount in controversy for the purpose of establishing diversity jurisdiction, the court ordinarily looks to the plaintiffs' state court petition. Manguno, 276 F.3d at 723. If it is not facially apparent from the petition that the amount in controversy is greater than $75,000.00, the removing party must set forth summary judgment-type evidence, either in the notice of removal or in an affidavit, showing by a preponderance of the evidence that the amount in controversy exceeds that amount. Id.; Allen v. R & H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995).

9. CitiMortgage contends the value of the property as the amount in controversy because plaintiffs assert equitable relief in the form of a claim for injunctive relief. CitiMortgage relies on the argument that in actions seeking declaratory or injunctive relief the amount in controversy is measured by the value of the object of the litigation. CitiMortgage suggests that the value of the object of the litigation is the value of the property. For the value of the property, CitiMortgage offers a self-serving appraisal. No evidence of the actual debt on the note or the tax

appraisal values are offered.

10. The amount in controversy is measured from the perspective of the plaintiffs. Vraney v. Cnty. of Pinellas, 250 F.2d 617, 618 (5th Cir. 1958) (per curiam). In an action for declaratory or injunctive relief, the amount in controversy is the "value of the object of the litigation," or "the value of the right to be protected or the extent of the injury to be prevented." Leininger v. Leininger. CitiMortgage does not provide any authority that the property value alone is determinative. The outstanding amount on the note or the actual value at sale would be a much better factor to determine the amount in controversy - even assuming *arguendo*, that such values are probative in an action for equity.

11. Based on the above caselaw, CitiMortgage has failed to meet the burden of establishing the amount in controversy exceeds $75,000.00.

## IV.    ATTORNEY'S FEES

12. The Plaintiff hereby requests she be awarded attorney's fees and related costs for the unreasonable and improper removal of this action by the Bank. An award of $3500.00 in fees would be reasonable and necessary for this jurisdiction. Such fees and costs are allowed under 128 U.S.C. §1447(c). See also Valdes v. Wal-Mart Stores, 199 F.3d 290, 293 (5th Cir., 2000).

## V.    CONCLUSION

13. Based on the arguments presented herein, as well as the admissions of the Defendant in this matter, this matter should be remanded.

**WHEREFORE**, Premises considered, the Plaintiff NINFA C. ORTIZ prays that this Court remand the suit to state court and grant the Plaintiff attorney's fees and costs and for any other relief which is equitable and to which the Movant is entitled.

Respectfully Submitted,

LAW OFFICES OF RICARDO M. ADOBBATI

   */S/RICARDO M. ADOBBATI*
**HON. RICARDO M. ADOBBATI**
State Bar No. 00790208
Cameron County I.D. #442401
Fed I.D. #18158
134 East Price Road
Brownsville, Texas 78521
(956) 544-6882
(956) 544-6883 FAX

## CERTIFICATE OF SERVICE

I, Ricardo M. Adobbati, hereby certify that a true and correct copy of the above and foregoing instrument has been electronically forwarded on February 8, 2017 to:

Hon. Daniel P. Tobin
Hon. Charles R. Curran
SETTLEPOU
3333 Lee Parkway, Eight Floor
Dallas, Texas 75219
dtobin@settlepou.com
ccurran@settlepou.com

Ancelmo Naranjo, Jr., PLLC
The Law Office of Ancelmo Naranjo, Jr. PLLC
905 E. Los Ebanos, Ste. B
Brownsville, Texas 78520
naranjolawoffice@gmail.com

*/S/RICARDO M .ADOBBATI*
**RICARDO M. ADOBBATI**
