IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| NINFA C. ORTIZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:16-cv-312 |
| | § | |
| CITIMORTGAGE, INC., | § | |
| | § | |
| Defendant. | § | |

**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Defendant CitiMortgage, Inc. ("CMI" or "Defendant") hereby files its Reply in Support of its Motion to Dismiss, and in support thereof shows the Court as follows:

**I. The Court Should Disregard Plaintiff's Response to the Extent It Is Inconsistent with Plaintiff's Petition.**

The operative pleading in this matter is Plaintiff's Original Petition to Remove Cloud and Quiet Title and Request for Temporary Restraining Orders ("Petition"). Doc. No. 1-3. Plaintiff, however, has attempted in her Response to re-write her whole Petition by alleging a host of facts not alleged in the Petition. Because Plaintiff purports to state additional alleged facts in her Response, these additional alleged facts are not part of the pleadings to be considered for purposes of ruling on Defendant's Motion. *E.g., Hearn v. Deutsche Bank Nat'l Trust Co.*, No. 3:13-CV-2417-B, 2014 WL 4055473, at *4 n. 3 (N.D. Tex. Aug. 15, 2014) (Court does not base its decision on allegations raised for the first time in response to a motion to dismiss) (citing *Collins v. Morgan Stanley Dean Witter*, 22 F.3d 496, 498 (5th Cir. 2000); *Schieroni v. Deutsche Bank Nat'l Trust Co.*, No. H-10-663, 2011 WL 3652194, at *6 (S.D. Tex. Aug. 18, 2011)). New allegations cannot be raised in response to a motion to dismiss. *Schieroni*, 2011 WL 3652194, at *6. Since the Response is mostly newly alleged facts, the Court should disregard it and grant

Defendant's Motion to Dismiss.

## II. The Court Should Dismiss Plaintiff's Petition.[1]

Even if the Court considers the new allegations raised in Plaintiff's Response to Defendant's Motion to Dismiss, the Court should still dismiss Plaintiff's claims. Plaintiff admits that she voluntarily entered into the subject home equity loan. Doc. No. 15, ¶ 12. In the Security Instrument, Plaintiff agreed to encumber 347 Robindale Road and provided a legal description for the encumbered property. Doc. No. 1-3, at p. 8; Doc. No. 15-3, at p. 1. The Agreed Home Equity Foreclosure Order concerns the same property at 347 Robindale Road and provides the same legal description. Doc. No. 15-4, at p. 2. Plaintiff admits that she could not make the required mortgage payments, and makes no allegation that she is current on payments. Doc. No. 15, ¶¶ 13-17. As such, Plaintiff cannot show superior title and thus cannot prevail on a claim for quiet title. *E.g., Jaimes v. Fed. Nat'l Mortg. Ass'n*, 930 F.Supp.2d 692, 698 (W.D. Tex. 2013) ("Based on the facts alleged by Jaimes himself, it appears he defaulted on his mortgage, and his home was subsequently foreclosed on by the assignee of his Deed of Trust. Those facts do not state a claim for quiet title, and this claim is properly dismissed."); *Sanchez v. Wells Fargo Bank, N.A.*, No. 3:13-cv-3837-O, 2014 WL 1168912, at *3 (N.D. Tex. Mar. 21, 2014) (quiet title claim fails when there is no allegation that borrower is current in payments such that his interest in property is superior to the lien holder) ; *Bryant v. JP Morgan Chase Bank*, No. 3:12-CV-2650-M, 2013 WL 664708, at *7 (N.D. Tex. Feb. 4, 2013), *adopted at* 2013 WL 673980 (Feb. 25, 2013) (quiet title claim fails when recorded assignment shows that foreclosing entity obtained power of sale in deed of trust, as such power of sale is superior in priority to a mortgagor's title); *Lombardi v. Bank of Am.*, No. 3:13-cv-1464-O, 2014 WL 988541, at *19 (N.D. Tex. Mar. 13,

---

[1] The Court should dismiss Plaintiffs' requests for declaratory and injunctive relief for the reasons as stated in Defendants' Motion to Dismiss. Doc. No. 5.

2014) (same).

Moreover, even if Plaintiff could otherwise prove the elements of a quiet title claim, which she cannot, her quiet title claim is barred because she has not tendered or alleged that she has tendered the total debt due. To be able to recover title to the Property, Plaintiff must tender the total debt due under the Loan. *Fillion v. David Silvers Co.*, 709 S.W.2d 240, 246 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Lambert v. First National Bank of Bowie*, 993 S.W.2d 833, 835-36 (Tex. App.—Fort Worth 1999, pet. denied). As there is no allegation that Plaintiff has tendered the total debt due on the Property, her quiet title claim fails.

## CONCLUSION

Defendant respectfully requests the Court dismiss Plaintiff's claims against it in their entirety and with prejudice to re-filing and award Defendant judgment that Plaintiff take nothing by this action against Defendant, together with all relief to which Defendant is justly entitled.

Respectfully submitted,

*/s/ Charles R. Curran*
Daniel P. Tobin
Texas Bar I.D. 24046978
*dtobin@settlepou.com*
Charles R. Curran
Texas Bar I.D. 24076334
*ccurran@settlepou.com*

SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas 75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR CITIMORTGAGE, INC.

## Certificate of Service

I certify that this document was served in accordance with the Federal Rules of Civil Procedure on March 27, 2017, by the manner indicated upon the following persons:

<u>Via CM/ECF</u>
Ricardo M. Adobbati
Law Offices of Ricardo M. Adobatti
134 East Price Road
Brownsville, Texas 78521

                                                 */s/ Charles R. Curran*
                                                 Charles R. Curran