VOL. 6044 PAGE 258

AFTER RECORDING, RETURN TO:

1651

**OFFICIAL RECORDS**

Associates Financial Services Company of Texas, Inc.
1100 North Expressway, Suite B
Brownsville, TX 78521

Transaction No.: AFS46165

_____ [Space Above This Line For Recording Information] _____



PLAINTIFF'S
EXHIBIT
C

### THIS SECURITY INSTRUMENT SECURES AN EXTENSION OF CREDIT OF THE TYPE DEFINED BY SECTION 50(a)(6), ARTICLE XVI, TEXAS CONSTITUTION.

## TEXAS HOME EQUITY SECURITY INSTRUMENT

THIS SECURITY INSTRUMENT ("Security Instrument") is made on January 11, 2000. The Grantor is Ninfa C. Ortiz ("Borrower"), whose address is 347 Robindale Road, Brownsville, Texas 78521. The trustee is Clifford D. Harmon, whose address is 5740 Prospect Avenue, Suite 2000, Dallas, Texas 75206, ("Trustee"). The beneficiary is Associates Financial Services Company of Texas, Inc., which is organized and existing under the laws of Texas, and whose address is 1100 North Expressway, Suite B, Brownsville, TX 78521 ("Lender").

Borrower owes Lender the principal sum of U.S. $31,105.13. This debt is evidenced by a Loan Agreement dated the same date as this Security Instrument ("Loan Agreement"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on January 20, 2020. This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Loan Agreement, with interest, and all renewals, extensions and modifications of the Loan Agreement; (b) the payment of all other sums, with interest, advanced under this Security Instrument to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Loan Agreement. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in Cameron County, Texas (the "Property"):

A TRACT OF LAND BEING 60.0 FEET IN WIDTH BY 120.0 FEET IN LENGTH OUT OF A CERTAIN 3.2 ACRES OUT OF BLOCK 90, EL JARDIN SUBDIVISION OF SHARES 19 AND 27 (MAP OF RECORDS IN VOLUME 4 PAGE 39), CAMERON COUNTY DEED RECORD VOLUME 565 PAGES 462-464, CAMERON COUNTY, TEXAS, SAID TRACT OF 60' X 120' BEING DESCRIBED AS FOLLOWS: BEGINNING AT A POINT THAT BEARS NORTH 57 DEGREES 08 MINUTES EAST 55.06 FEET AND NORTH 31 DEGREES 56 MINUTES WEST 25.82 FEET FROM THE SW CORNER OF THE 3.2 ACRE TRACT IN SAID BLOCK 90 OF THE ABOVE SAID SUBDIVISION; THENCE, NORTH 31 DEGREES 56 MINUTES WEST 120.0 FEET TO A POINT; THENCE, NORTH 4 DEGREES 49 MINUTES EAST 51.95 FEET TO A POINT; THENCE, SOUTH 56 DEGREES 47 MINUTES 35 SECONDS EAST 44.98 FEET TO A POINT; THENCE, NORTH 57 DEGREES 08 MINUTES EAST 10.0 FEET TO A POINT; THENCE, SOUTH 31 DEGREES 56 MINUTES EAST 120.0 FEET TO A POINT; THENCE, SOUTH 57 DEGREES 08 MINUTES WEST 60.0 FEET TO THE POINT OF BEGINNING AND CONTAINING 0.19 ACRES.ÇãÇã

which has the address of

| 347 Robindale Road | Brownsville | Texas | 78521 |

together with all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the Property. Borrower and Lender intend that only property that is homestead property of the Borrower shall be included in the Property. Lender waives any security interest in any other property of Borrower that may otherwise be included in the definition of the term "Property" above.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

Borrower and Lender covenant and agree as follows:

**1. Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines and impositions attributable to the Property which may attain priority over this Security Instrument, and leasehold payments or ground rents, if any. Borrower shall promptly discharge any lien which has priority over this Security Instrument.

**2. Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage" and any other hazards, including floods or flooding, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's approval which shall not be unreasonably withheld. All insurance policies and renewals shall be acceptable to Lender and shall include a standard mortgage clause.

**3. Occupancy, Preservation, Maintenance and Protection of the Property.** Borrower now occupies and uses the Property as Borrower's Texas homestead. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Borrower shall be in default if any forfeiture action or proceeding, whether civil or criminal, is begun that in Lender's good faith judgment could result in forfeiture of the Property or otherwise materially impair the lien created by this Security Instrument of Lender's security interest.

**4. Protection of Lender's Rights in the Property.** If Borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, or to enforce laws or regulations), then Lender, so far as allowed by applicable law, may do and pay for whatever is necessary to protect the value of the Property and Lender's rights in the Property. Lender's actions may include paying

any sums secured by a lien which has priority over this Security Instrument, appearing in court, paying reasonable attorneys' fees and entering on the Property to make repairs. Although Lender may take action under this paragraph, Lender does not have to do so.

Any amounts disbursed by Lender under this Paragraph shall become additional debt of Borrower secured by this Security Instrument. Unless Borrower and Lender agree to other terms of payment, these amounts shall bear interest from the date of disbursement at the Loan Agreement rate and shall be payable, with interest, upon notice from Lender to Borrower requesting payment.

**5. Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in lieu of condemnation, shall be paid to Lender to be applied to the sums secured by this Security Instrument, with any excess paid to Borrower.

**6. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the original Borrower or Borrower's successors in interest from Borrower's obligations under the Loan Agreement and this Security Instrument. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reasons of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**7. Successors and Assigns Bound; Joint and Several Liability; Co-signors.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower. Any Borrower who co-signs this Security Instrument, but does not execute the Loan Agreement: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument or to comply with the requirements of Section 50(a)(6), Article XVI of the Texas Constitution providing for execution hereof, in order to establish a valid lien, by the spouse of each owner of the Property; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Loan Agreement without that Borrower's consent.

**8. Transfer of the Property.** If all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, after providing notice required by applicable law, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Security Instrument.

**9. Default.** If there is a default in the payment of any installment of the Loan Agreement, or if Borrower fails to keep any of the covenants in this Security Instrument, Lender may elect to declare all amounts due or to come due under the Loan Agreement and all other sums secured by this Security Instrument immediately due and payable. Borrower hereby waives presentment and demand for payment, protest or notice of any kind. If the amount then due after such acceleration is not paid, the Trustee shall, if permitted by applicable law, at the election of Lender, enforce this trust and sell the Property in accordance with this Security Instrument.

**10. Power of Sale.** It is the express intention of Lender and Borrower that Lender shall have a fully enforceable lien on the Property. It is also the express intention of the Lender and Borrower that Lender's default remedies shall include the most expeditious means of foreclosure available to Lender. Accordingly, the Lender and Trustee shall have all the powers provided herein except insofar as may be limited by any rules of civil procedure promulgated by the Texas Supreme Court for the expedited foreclosure of loans made pursuant to Section 50(a)(6), Article XVI of the Texas Constitution ("Rules"), as amended from time to time. To the extent the Rules or other applicable law do not specify a procedure for the exercise of a power of sale, the following provisions of this paragraph shall apply. If Lender invokes the power of sale, Lender or Trustee shall give notice of the time, place and terms of sale by posting and filing the notice at least 21 days prior to sale as provided by applicable law. Lender shall provide a copy of the notice of sale to Borrower in the manner prescribed by applicable law. Sale shall be made at public venue between the hours of 10:00 a.m. and 4:00 p.m. on the first Tuesday of the month. Borrower authorizes Trustee to sell the Property to the highest bidder for cash in one or more parcels and in any order Trustee determines. Lender or its designee may purchase the Property at any sale and may bid a credit against the obligations under the Loan Agreement and this Security Instrument. In the event of any conflict between such procedure and the Rules, the Rules shall prevail, and this provisions shall automatically be reformed to the extent necessary to comply.

Trustee shall deliver to the purchaser who acquires title to the Property pursuant to the foreclosure of the lien a Trustee's deed conveying indefeasible title to the Property with covenants of general warranty. Borrower covenants and agrees to defend generally the purchaser's title to the Property against all claims and demands. The recitals in the Trustee's deed shall be *prima facie* evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, court costs and reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

If the Property is sold pursuant to this Paragraph, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.

Lender, at its option and with or without cause, may from time to time remove Trustee and appoint, by power of attorney or otherwise, a successor trustee to any trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

**11. Compliance with Texas Constitution.** It is Lender's and Borrower's intention to conform strictly to section 50(a)(6), Article XVI of the Texas Constitution. If for any reason whatsoever any obligation or agreement of Borrower, of any obligor on the Loan Agreement, or of Lender pursuant to the terms or requirements hereof or of any other loan document shall be construed to violate Section 50(a)(6), Article XVI of the Texas Constitution, then such document shall be automatically reformed, without the necessity of the execution of any amendment or new document, so that Borrower's or Lender's obligation or agreement shall be modified to conform to Section 50(a)(6), Article XVI of the Texas Constitution, and in no event shall Borrower or Lender be obligated to perform any act, or be bound by any requirement which would conflict therewith. The provisions of this Paragraph shall supersede any inconsistent provision of the Loan Agreement or this Security Instrument or any other document.

Transaction No.: AFS46165
Loan Document Set; Printed on January 11, 2000
Page 34 of 36 Pages

VOL. **6044** PAGE **260**

**12. Rider(s) to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants and agreements of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the riders were a part of this Security Instrument.

BY SIGNING BELOW, BORROWER ACCEPTS AND AGREES TO THE TERMS AND COVENANTS CONTAINED IN THIS SECURITY INSTRUMENT AND IN ANY RIDER(S) EXECUTED BY BORROWER AND RECORDED WITH IT.



Ninfa C. Ortiz                                          Borrower

Social Security Number: 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

STATE OF TEXAS                                          §
                                                       §
COUNTY OF CAMERON                                       §

This instrument was acknowledged before me on January 11, 2000 by Ninfa C. Ortiz.

JENNIFER WENDY G. MOLAND
NOTARY PUBLIC
STATE OF TEXAS
My Comm. Exp. 2002

Notary Public, State of Texas

1651

FILED FOR RECORD

AT

2000 JUN 13 A 11: 33

CLERK COUNTY COURT
CAMERON COUNTY, TEXAS

BY ________ DEPUTY

STATE OF TEXAS
COUNTY OF CAMERON

I hereby certify that this instrument was FILED on the date and at the time stamped hereon by me and was duly RECORDED in the Volume and page of the named RECORDS of Cameron County, Texas as stamped hereon by me.

COUNTY CLERK CAMERON COUNTY

County Clerk
Cameron County, Texas